## SUPREME COURT.

THE PEOPLE *ex rel.* ELLEN MCINTYRE agt. HENRY A. HURLBURT *et al.*, as commissioners of emigration of the state of New York.

*Pauper immigrants — Stay of proceedings will not be granted pending appeal from order dismissing writ of habeas corpus to try the question of the detention of pauper immigrants detained by the commissioners of emigration.*

A decision under one writ of *habeas corpus* refusing to discharge a person restrained of his liberty, does not bar the issuing of a second writ by another court or officer.

As the rule affords the relator a speedy method of ascertaining the views of the judges who constitute the general term, and secures to him all the benefits of an appeal, a stay of proceedings will not be granted.

It seems doubtful whether the state courts possess jurisdiction to release the relator from the restraint in which he is held, as the commissioners of emigration are to be regarded as officers of the United States in reference to the examination of pauper immigrants.

The practical effect of granting a stay of proceedings in this case would be to enjoin agents of the federal government from exercising functions devolved upon them by a law of the United States relating to a subject matter clearly within the legislative powers of congress. Even if the state courts have concurrent jurisdiction, the federal tribunals clearly constitute the most appropriate forum within which to test the constitutionality of such legislation.

*N. Y. Chambers, August,* 1884.

The People *ex rel.* McIntyre *agt.* Hurlburt *et al.*

APPLICATION for a stay of proceedings pending appeal from judge VAN BRUNT, dismissing the writ of *habeas corpus* in the case of Adam Slovitz, one of the pauper immigrants detained by the commissioners of emigration (*See ante*, 356).

*Charles Steckler*, for the motion.

*Kelly & McRae*, opposed.

BARTLETT, *J.* — I have carefully considered the facts presented upon this application, and have come to the conclusion that I ought not to grant a stay of proceedings.

The relator's counsel truly says that the questions involved are novel and important, and he desires to have them examined by the appellate branch of the supreme court before his client is sent back to Europe. But he can obtain the opinions of the general term justices, or a majority of them at once, without waiting until they meet as a court in October. The questions already passed upon by Mr. justice VAN·BRUNT may successively be presented to the general term justices in a proceeding of the same character. A decision under one writ of *habeas corpus* refusing to discharge a person restrained of his liberty does not bar the issuing of a second writ by another court or officer. This is the law of England, of the federal courts and of the state of New York (*Ex parte Partington*, 13 *M. & W.*, 679; *Ex parte Kaine*, 3 *Blatchford*, 1; *People ex rel. Lawrence* agt. *Brady*, 56 *N. Y.*, 132). The rule affords the relator a speedy method of ascertaining the views of the judges who constitute the general term, and secures to him substantially all the benefits of an appeal.

These remarks are based upon the assumption that this court possesses jurisdiction to release the relator from the restraint in which he is held. It does not seem to me by any means clear, however, that such is the case. While the authority of a state court or of one of its judges upon writs of *habeas corpus* to inquire into the detention of a person held in custody within the territory of the state cannot be denied because the

proceedings require a construction of the Constitution and Laws of the United States, the federal courts claim exclusive jurisdiction in cases where the restraint is exercised by officers of the United States acting under their Laws (*Tarble's case*, 13 *Wallace*, 397; *Robb* agt. *Connolly*, 111 *U. S.*, at foot of page 637). "If a party thus held be illegally imprisoned," said Mr. justice FIELD, in the former case, "it is for the courts or judicial officers of the United States alone to grant him release." I think the commissioners of emigration are to be regarded as officers of the United States, within the meaning of these decisions, in performing the duties imposed upon them by the act of congress, approved August 3, 1882, in reference to the examination of pauper immigrants.

If this view is correct, the practical effect of granting a stay of proceedings in this case would be to enjoin agents of the federal government from exercising functions devolved upon them by a law of the United States relating to a subject matter clearly within the legislative powers of congress. Even if the state courts have concurrent jurisdiction, the federal tribunals clearly constitute the most appropriate forum within which to test the constitutionality of such legislation. They have proved no less efficient than the state courts in asserting the right of personal liberty (*Ex parte Lange*, 18 *Wallace*, 163; *Ex parte Buell*, 3 *Dillon*, 116). However poor the relator may be, he is represented by zealous and faithful counsel, who by means of the writ of *habeas corpus* can readily bring before the federal courts the distinctively federal questions involved in this case, confident that "the United States are as much interested in protecting the citizen from illegal restraint under their authority as the several states are to protect him from the like restraint under their authority, and are no more likely to tolerate any oppression" (*Tarble's case*, 13 *Wallace*, 397). The application for a stay of proceedings must be denied.